IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **CHARLES HEAD,** | * | |
| Petitioner, | * | |
| v. | * | Civ. No. DLB-22-189 |
| **BEARD,** *Warden*, | * | |
| Respondent. | * | |

**MEMORANDUM OPINION**

While incarcerated in the Federal Correctional Institution in Cumberland, Maryland ("FCI Cumberland"), Charles Head filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF 1. He claims his due process rights were violated when the Federal Bureau of Prisons ("BOP") found that he violated BOP Prohibited Act Code 399, and he asks the Court to compel the BOP to vacate its finding. *Id.* at 6–7.

Respondent filed a motion to dismiss the petition, or in the alternative, for summary judgment. ECF 10. Head replied. ECF 23. A hearing is not necessary. *See* Loc. R. 105.6 (D. Md. 2021). For reasons set forth below, the petition is denied and dismissed.

**I.      Background**

On June 15, 2020, Head filed a civil complaint in this Court against FCI Cumberland Officer Liller. *Head v. Liller*, Civ. No. CCB-20-1835 (D. Md.). He alleges that, four days later, Liller directed a duty officer "to perform a retaliatory search of his cell" and write an incident report. ECF 1-1, at 2. On November 3, 2020, Officer Liller charged Head with violating Prohibited Act Code 296 by "circumventing e-mail communications by relaying/giving an outside person another inmates [sic] Personally Identifiable Information (PII) for financial gain." ECF 1-2, at 2 (Incident Report). The charge was based on a November 2, 2020, email from Head to

another individual, in which Head said:

> Can you please submit my friends request to the IRS for his stimulus check today (tonight if possible)? His information is below.
>
> Go to www.irs.gov/EIP
>
> His name is [REDACTED].
> Address (here) PO BOX 1000, Cumberland, Md. 21501
> Social is: [REDACTED]
>
> He is a single filer. (not married). He has not filed taxes in over 2 years. Let me know if you have a question. It's fairly simple but he didn't file the paper copy correctly and his time is up shortly.
>
> That should be all you need.

*Id.*; *see also* ECF 10-2, at 15 (email).

Officer Liller had reviewed the email the day he charged Head with the Code violation. ECF 1-2, at 2. That same day, the incident was investigated, Head was advised of his rights, and he received a copy of the Incident Report. *Id.* at 2. Head stated that the investigation of the incident was retaliation. *Id.* at 3. The investigating officer referred the case to the Discipline Hearing Officer ("DHO") "based on the severity of the charge." *Id.*

The next day, Head received notice of the DHO hearing. *Id.* The DHO found that he had not violated Code 296 and referred the matter to the Unit Discipline Committee ("UDC"). ECF 1-1, at 2.

On February 5, 2021, the UDC held a hearing on a Code 399 violation, a less severe offense, and found Head "guilty of Code 399 [for an offense most like a violation of Code] 396—mail abuse—no circumvention based on the fact inmate Head had another inmate's social security number in an email to another party." *Id.* at 8. The UDC imposed a 90-day loss of email privileges. *Id.*

Head filed his petition in this Court on January 22, 2022. He claims that his due process rights were violated when (1) the BOP failed to provide adequate notice that he was charged with violating Code 399, and (2) the BOP found that he was guilty of a code violation. ECF 1, at 6. Respondent argues that Head's claim is not cognizable under § 2241, and, in any event, Head's due process claim has no merit because no protected liberty interest is at stake. ECF 10-1.

## II.   Standard of Review

Respondent moves to dismiss the petition for failure to state a claim or, alternatively, for summary judgment. Under Rule 12(b)(6), a party may seek dismissal for failure "to state a claim upon which relief can be granted." *Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 290 (4th Cir. 2021) (quoting Fed. R. Civ. P. 12(b)(6)). To survive the challenge, the opposing party must have pleaded facts demonstrating it has a plausible right to relief from the Court. *Lokhova v. Halper*, 995 F.3d 134, 141 (4th Cir. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A plausible claim is more than merely conceivable or speculative. *See Holloway v. Maryland*, 32 F.4th 293, 299 (4th Cir. 2022). The allegations must show there is "more than a sheer possibility that the defendant has acted unlawfully." *Int'l Refugee Assistance Project v. Trump*, 961 F.3d 635, 648 (4th Cir. 2020) (quoting *Iqbal*, 556 U.S. at 678)). But the claim does not need to be probable, and the pleader need not show "that alternative explanations are less likely" than their theory. *Jesus Christ is the Answer Ministries, Inc. v. Balt. Cnty., Md.*, 915 F.3d 256, 263 (4th Cir. 2019) (quoting *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015)).

When ruling on a Rule 12(b)(6) motion, the Court must accept the allegations as true and draw all reasonable inferences in favor of the pleader. *Williams v. Kincaid*, 45 F.4th 759, 765, 777 (4th Cir. 2022). But the Court does not accept "legal conclusions couched as facts or unwarranted

inferences, unreasonable conclusions, or arguments." *United States ex rel. Taylor v. Boyko*, 39 F.4th 177, 189 (4th Cir. 2022) (quoting *United States ex rel. Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013)).  Merely reciting a claim's elements "and supporting them by conclusory statements does not meet the required standard." *Sheppard v. Visitors of Va. State Univ.*, 993 F.3d 230, 234 (4th Cir. 2021) (quoting *ACA Fin. Guar. Corp. v. City of Buena Vista, Va.*, 917 F.3d 206, 212 (4th Cir. 2019)).  On a Rule 12(b)(6) motion, the Court "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (quoting *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013)).

  The Court's review of a Rule 12(b)(6) motion typically is limited to the pleadings, documents attached to the complaint, and the parties' briefs.  *See* Fed. R. Civ. P. 12(b)(6), 12(d); *see also* Fed. R. Civ. P. 10(c).  The Court also may consider documents integral to and explicitly relied on in the complaint when their authenticity is not disputed.  *See Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015).

  "[P]ro se filings are 'h[e]ld to less stringent standards than formal pleadings drafted by lawyers.'" *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  Accordingly, the Court must construe pro se pleadings liberally.  *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 1376 (2021).  But "liberal construction does not require [the Court] to attempt to 'discern the unexpressed intent of the plaintiff[;]'" the Court need only "determine the actual meaning of the words used in the complaint." *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (en banc)).  Thus, a pro se complaint or petition "still 'must contain enough facts to state a claim for relief that is plausible on its face.'" *Thomas v. The*

4

*Salvation Army S. Territory*, 841 F.3d 632, at 637 (4th Cir. 2016) (quoting *King v. Rubenstein*, 825 F.3d 206, 212, 214 (4th Cir. 2016) (quoting *Twombly*, 550 U.S. at 570)).

### III.   Discussion

A § 2241 petition attacks the manner in which a sentence is executed. *See* 28 U.S.C. § 2241(a). It is an appropriate means for a prisoner "to challenge the very fact or duration of [his] confinement" but not to "mak[e] a constitutional challenge to the conditions of his prison life." *See Preiser v. Rodriguez*, 411 U.S. 475, 499–500 (1973). Head challenges the loss of email privileges and requests expungement of the Code 399 violation from his record He does not challenge the fact or duration of his sentence, and his claims, therefore, are not cognizable under § 2241. *See id.*; *see also, e.g.*, *Wright v. Shartle*, 699 F. App'x 733, 733 (9th Cir. 2017) (stating claims of "the loss of phone, visitation, and email correspondence privileges . . . are not cognizable under section 2241 because they do not concern the manner, location, or conditions of his sentence's execution"); *Lawrence v. Oliver*, 602 F. App'x 684, 687 (10th Cir. 2015) (stating that "loss of phone and email privileges" is not "a valid basis for a § 2241 petition"); *White v. Leu*, No. 1:22CV300 (AJT/JFA), 2023 WL 1783770, at *4 (E.D. Va. Feb. 6, 2023) (holding claim for "2 months loss of phone privileges" is "not cognizable under § 2241"); *Feather-Gorbey v. Warden, FCI Beckley*, No. 5:21-00367, 2021 WL 5412294, at *2 (S.D.W. Va. Oct. 21, 2021) (stating that claims of "loss of telephone and email privileges" are "not cognizable under Section 2241"), *report and recommendation adopted*, No. 5:21-CV-00367, 2021 WL 5412236 (S.D.W. Va. Nov. 17, 2021). Insofar as Head is concerned he may lose good time credit, *see* ECF 1-1, at 3, this loss is speculative at this point and not a valid basis for a claim. *See Holloway*, 32 F.4th at 299. Accordingly, Head's claim is not cognizable on federal habeas review, and his petition is dismissed.

Even if the Court were to construe the petition as a civil complaint under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), it nonetheless would fail. To maintain a due process claim, the claimant must first establish the existence of a protected property or liberty interest. *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). Head, however, does not have a protected liberty interest in his temporary loss of email privileges. *See United States v. Alkire*, 82 F.3d 411 (Table), 1996 WL 166400, at *1 (4th Cir. 1996) (stating "there is no constitutional or federal statutory right to use of a telephone while in prison"); *Borda v. Losiewicz*, No. DKC-15-2057, 2016 WL 1089626, at *6 (D. Md. Mar. 21, 2016) (noting a liberty interest is implicated when a prison-imposed penalty "involves an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life'" and stating "temporary loss of phone privileges is not such an 'atypical and significant hardship'" (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)); *White*, 2023 WL 1783770, at *4 (stating there is not a protected liberty interest in "2 months loss of phone privileges"); *Johnson v. Adams*, No. 7:22-CV-00341, 2022 WL 2873180, at *3 (W.D. Va. July 21, 2022) (stating "a deprivation of electronics for 25 days is not a sufficient liberty interest to trigger constitutional due process protections"), *reconsideration granted in part on other grounds*, No. 7:22-CV-00341, 2022 WL 17477574 (W.D. Va. Dec. 6, 2022); *McKelvie v. Brown*, No. CV92201018CMCMHC, 2022 WL 2334089, at *3 (D.S.C. May 18, 2022) (stating "Plaintiff does not have a protected liberty interest in making phone calls"), *report and recommendation adopted,* No. 9:22-CV-1018-CMC-MHC, 2022 WL 2333776 (D.S.C. June 28, 2022); *Gonzelez v. Zickenfoose*, No. 3:CV-13-2716, 2014 WL 257850, at *2 (M.D. Pa. Jan. 23, 2014) ("3 months loss of email privileges . . . do[es] not implicate any liberty interest that is protected by the Due Process Clause"). *Cf. Gaston v. Taylor*, 946 F.2d 340, 343 (4th Cir. 1991) ("[C]hanges in a prisoner[']s location, variations of daily routine, changes in conditions of

confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and which] are contemplated by his [or her] original sentence to prison . . . . ").  Because the loss of Head's email privileges does not implicate a protected liberty interest, no constitutional due process protections apply.

Respondent's motion is granted, and Head's petition is denied and dismissed.

## IV.     Conclusion

For the foregoing reasons, respondent's motion, treated as a motion to dismiss, is GRANTED, and the petition for writ of habeas corpus is DENIED and DISMISSED.  A separate Order follows.

<u>February 15, 2023</u>  
Date

_____  
Deborah L. Boardman  
United States District Judge

7